IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEWART L. GILBERT                                                    PETITIONER
ADC #121590

VS.                              NO. 5:15CV00373-JLH-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                              RESPONDENT

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to

Judge J. Leon Holmes.  Any party may file written objections with the Clerk of Court

within fourteen (14) days of filing this Recommendation.  Objections must be specific

and must include the factual or legal basis for the objection.  An objection to a factual

finding must identify the finding of fact believed to be wrong and describe the evidence

that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no

objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing the record.

### II.    Background

Petitioner Stewart L. Gilbert entered a negotiated plea of guilty to one count of

first-degree murder, in violation of Arkansas Code Annotated § 5-10-102 (Repl. 1997),

and one count of aggravated robbery, in violation of § 5-12-103 (Rep. 1997).  He was

sentenced to a term of life imprisonment on each count with the sentences to run concurrently.  (#7-1)   Mr. Gilbert is not eligible for parole unless his sentence is commuted to a term of years by executive clemency.  ARK. CODE ANN. § 16-93-607(c)(1)(1987).

As a result of his guilty plea, Mr. Gilbert was not entitled to file a direct appeal. ARK. R. APP. P. CRIM. 1(a).  He has not initiated any other post-conviction proceedings in state court.[1]

In his petition, Mr. Gilbert argues that his sentences violate the Eighth Amendment, because he was seventeen years old when he committed the offenses.  He also claims that his sentences violate Arkansas law and brings several claims of ineffective assistance of counsel.  He states that his guilty pleas were involuntary because he did not possess an understanding of the law in relation to the facts, and he was not aware of the consequences of his plea.  (#7 at 3-4)

Respondent asserts that Mr. Gilbert's claims are barred by the statute of limitations or, alternatively, are procedurally defaulted.  For the reasons set forth below, Mr. Gilbert's habeas petition should be dismissed, without prejudice.

---

[1]In his reply to the response, Mr. Gilbert's counsel indicates he is in the process of preparing a state habeas petition.  (#14 at 5)

III.     **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

establishes a one-year limitations period for a state prisoner to file a federal habeas corpus

petition under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  The limitations period begins

to run from the latest of, "the date on which the judgement became final by the conclusion

of direct review or the expiration of the time limit for seeking such review."

Here, Mr. Gilbert's judgment became final on October 21, 2001.  *Camacho v.*

*Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015).  He did not file his petition until November 27,

2015, many years after the statute of limitations expired.  Accordingly, there is no dispute

that, under 28 U.S.C. 2244(d)(1)(A), Mr. Gilbert's habeas case is barred by the statute of

limitations.

Mr. Gilbert argues, however, that his petition falls under a provision of the statute

that allows a habeas petition to be initiated within one year of, "the date on which the

constitutional right asserted was initially recognized by the Supreme Court, if the right

has been newly recognized by the Supreme Court and made retroactively applicable to

cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).

Mr. Gilbert's claim assumes that *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and

*Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) apply to the facts of his case.

Respondent contends, however, that *Miller* and *Montgomery* are not applicable here

because the Arkansas statute under which he was sentenced does not impose a mandatory sentence of life without parole.

In *Miller*, the United States Supreme Court considered whether Arkansas and Alabama statutes, which carried mandatory minimum punishment of life without parole, violated the Eighth Amendment's prohibition against "cruel and unusual punishment" when applied to juvenile offenders. The *Miller* Court relied on its reasoning in *Roper v. Simmons*, 543 U.S. 551 (2005)[2] and *Graham v. Florida*, 560 U.S. 48 (2010)[3], in determining that the Eighth Amendment prohibits a *mandatory* sentence of life without parole for those who were under age 18 at the time of their crimes. *Miller*, 132 S. Ct. at 2460 (emphasis added).

On January 25, 2016, the Supreme Court decided *Montgomery*, holding that *Miller* was a substantive rule of constitutional law that retroactively applies in post-conviction proceedings. *Montgomery*, 136 S.Ct. at 736. Mr. Gilbert claims that the time for filing his habeas petition did not begin to run until the Supreme Court decided *Montgomery,* and that, consequently, his petition is not barred by the statute of limitations.

Mr. Gilbert was charged with one count of capital murder, one count of aggravated robbery, one count of residential burglary, and three counts of theft of property. (#12-2)

---

[2] In *Roper*, the Court held that the Eighth Amendment bars capital punishment for minors.

[3] In *Graham*, the Court held that the Eighth Amendment prohibits a sentence of life without the possibility of parole for minors who commit non-homicide offenses.

He pleaded guilty to one count of first-degree murder and one count of aggravated

robbery.  (#7-1)  The remaining charges were nolle prosed.  (*Id*.)  At the time, the

applicable sentencing range for both first degree murder and aggravated robbery (class Y

felonies) was ten-to-forty years or life in prison.  (#12-3)  See ARK. CODE ANN. §§5-10-

102(c), 5-12-103(b), and 5-4-401(a)(1) (Repl. 1997).

Because there was a sentencing range applicable to both offenses and because

neither imposed a *mandatory* sentence of life without parole, *Miller* does not apply to Mr.

Gilbert's case.  See *U.S. v. Jefferson*, 816 F.3d 1016, 1019 (8th Cir. 2016)(declining to

apply *Miller* to a 600-month sentence after determining that *Miller* does not categorically

prohibit imposing a sentence of life without parole on juvenile offenders, but rather, bars

*mandatory* penalty schemes that prevent consideration of distinctive attribute of youth);

see also *Murry v. Hobbs*, 2013 Ark. 64, 4 (2013) (upholding appellant's life sentence

because it was imposed from a range of possible punishments and, therefore, not "illegal

under *Miller*"); *Brown v. Hobbs*, 2014 Ark. 267, 6 (2014) (holding that ARK. STAT. ANN.

§41-901(1)(a) not prohibited by *Miller* because it provides a range of sentencing, from ten

to forty years, or life, and life-without-parole provision is not mandatory).

Mr. Gilbert's state sentence does not fit within the new standards announced in

*Miller* and *Montgomery*.  Since no new rule of law applies to the facts of Mr. Gilbert's

case, § 2244(d)(1)(C) does not apply, and the statute of limitations clock did not begin to

run anew after *Montgomery* was decided.  His habeas petition is barred by the statute of

limitations unless the statute was tolled.

A.    *Tolling*

The time during which a properly filed application for state post-conviction or

other collateral review is pending does not count toward the limitations period.  28 U.S.C.

§ 2244(d)(2).   Here, however, Mr. Gilbert did not initiate any state post-conviction

proceedings in order to toll the statute of limitations.

The limitations period in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling.

*Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010).  In order to benefit from

equitable tolling, however, a petitioner must show that he has pursued his rights diligently

but that some extraordinary circumstances stood in his way and prevented a timely filing.

*Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814

(2005)).

Here, Mr. Gilbert does not allege that extraordinary circumstances prevented him

from filing a timely habeas petition.  He does not point to any action or circumstance

attributable to the State – or to any other cause – that prevented him from bringing a

timely habeas petition. Consequently, he is not entitled to equitable tolling.

B.    *Actual Innocence*

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013), the United

States Supreme Court held that actual innocence, if proved, serves as a gateway through

which a petitioner may pass to overcome the expiration of the statute of limitations.  The

Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and "a

petitioner does not meet the threshold requirement unless he persuades the district court

that, in light of the new evidence, no juror, acting reasonably, would have voted to find

him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329,

115 S.Ct. 851 (1995)).  The actual-innocence exception requires a habeas petitioner to

come forward with "new reliable evidence" which was "not available at trial through the

exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947,

951–53 (8th Cir. 2011), cert. denied, 133 S.Ct. 137 (2012).

Mr. Gilbert's claim here rests on his assertion that, under the reasoning of *Miller*

and *Montgomery*, his sentence violates the Eighth Amendment, and the State must either

re-sentence him or make him eligible for parole.  (#14 at p. 4)  As explained, however,

*Miller* and *Montgomery* are not applicable to Mr. Gilbert's case, and he has not come

forward with any *new* evidence establishing actual innocence so as to overcome the

expiration of the statute of limitations.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a

certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in

the United States District Court.  A certificate of appealability may issue only if Mr.

Gilbert has made a substantial showing of the denial of a constitutional right.  28 U.S.C.

§ 2253 (c)(1)-(2).  In this case, after considering Mr. Gilbert's petition and his reply to the response, he has not provided a basis for the Court to issue a certificate of appealability.

## V.     Conclusion

Mr. Gilbert's petition is time-barred.  Accordingly, the Court recommends that his petition for writ of habeas corpus (#1) be DISMISSED, without prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 18th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE